736 A.2d 596

Cynthia A. VARNER, Appellee,

v.

COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF PUBLIC WELFARE, Appellant.

Supreme Court of Pennsylvania.

Submitted April 26, 1999.

Decided Aug. 18, 1999.

John A. Cane, Chief Counsel, Cynthia A. Fillman, Asst. Counsel, Jean E. Graybill, Senior Asst. Counsel, Dept. of Pulic Welfare, for Department of Public Welfare.

Eric W. Santos, for Cynthia A. Varner.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## OPINION OF THE COURT

CASTILLE, Justice.

This Court granted allocatur to consider whether the Commonwealth Court erred by determining that the Department of Public Welfare ("DPW") must temporarily suspend, rather than discontinue, appellee's benefits under the Aid to Families with Dependent Children ("AFDC") program.[1] For the reasons which follow, we reverse the determination of the Commonwealth Court and reinstate the order of the DPW discontinuing appellee's benefits.

The facts are not in dispute and may be summarized as follows. Appellee and Cory Whitbeck are the parents of a son, Ryan, who was born on October 27, 1992. Appellee, who currently resides in Blair County, Pennsylvania, separated

---

1. AFDC is a federally funded, state administered cash welfare program created to enable children to be cared for in their own homes. 42 U.S.C. § 601 *et seq.* (now repealed). Title I of the Personal Responsibility and Work Opportunities Reconciliation Act ("PRWORA") of 1996, Pub.L. 104–193, eliminated the AFDC Program under Part A of Title IV of the Social Security Act and established the Temporary Assistance for Needy Families (TANF) Program (42 U.S.C. §§ 601–619). Although AFDC has been eliminated by PRWORA, the issue raised by this appeal is not moot, because the new TANF program also provides for the discontinuance rather than the temporary suspension of benefits for ineligible persons.

from Whitbeck, who now lives in North Carolina, prior to Ryan's birth. On July 31, 1995, the Blair County Court of Common Pleas ordered that Ryan was to remain alternately in the physical custody of his mother for two months and then in the physical custody of his father for one month on a recurring basis. On February 13, 1996, the trial court modified the custody arrangement and provided that Ryan would reside with his mother consecutively for eight and one-half months of the year and with his father consecutively for the remaining three and one-half months of the year.[2]

On March 29, 1996, pursuant to DPW reporting regulations, appellee provided a copy of the February 13, 1996 custody order to the Blair County Assistance Office ("BCAO"). Because of her change in circumstances, the BCAO redetermined appellee's eligibility for benefits and concluded that because her child was not living with her for three and one-half consecutive months and because she did not have any other children for whom she was providing care, both she and the child were ineligible for AFDC benefits during the time the child lived with his father.[3]

On April 1, 1996, the BCAO sent appellee a notice informing her of its determination that while her son was residing with his father for three and one-half months of the year, she would not be eligible to receive AFDC benefits. In the notice, the BCAO proposed discontinuing appellee's benefits on April 15, 1996. On April 3, 1996, appellee filed a timely appeal with the

---

**2.** While the initial Order of July 31, 1995 was in effect, appellee received uninterrupted AFDC benefits. Applicable regulations at 55 Pa.Code § 151.42 provide that an adult is eligible for AFDC benefits if he or she is maintaining a home where the child either lives, or will be living within thirty days. Additionally, appellee was eligible for benefits under the prior custody agreement because she maintained responsibility for the care and control of the child, as is required by 55 Pa.Code §§ 151.41 and 151.44(a).

**3.** One of the eligibility criteria for AFDC was that the child must be living with a specified relative capable of and responsible for the care and control of the child. *See* 55 Pa.Code § 151.41. AFDC was available only to a dependent child and the parent (or other relative) caring for the child. Without an eligible child in her care, Ms. Varner did not qualify for AFDC. 55 Pa.Code § 141.21. This same provision applies to TANF.

DPW and requested a telephone hearing with the DPW's Bureau of Hearings and Appeals ("BHA").

On June 4, 1996, the BHA conducted the requested hearing. The Hearing Officer denied the appeal, finding that appellee would not have care and control of Ryan during the time Ryan lived with his father and, therefore, that appellee would not be entitled to AFDC benefits during that time period. On July 26, 1996, the Acting Director of the DPW affirmed the Hearing Officer's decision.

On August 20, 1996, appellee filed a Petition for Review with the Commonwealth Court. On December 22, 1997, the Commonwealth Court determined that the DPW had erred in discontinuing, rather than temporarily suspending, appellee's AFDC benefits. The Court remanded to the BCAO to determine the period of Varner's eligibility and the amount of benefits which she was eligible to receive. On October 19, 1998, this Court granted the Department's Petition for Allowance of Appeal.

■ On appeal, an appellate court's scope of review of an agency adjudication is limited to determining whether the adjudication was in accordance with the law, whether the findings of fact were supported by substantial evidence, and whether constitutional rights have been violated. *See Rohrbaugh v. Commw. Pub. Util. Comm'n.*, 556 Pa. 199, 727 A.2d 1080, 1085 (Pa.1999), *Alcaraz v. Commw. Labor Relations Bd.*, 552 Pa. 605, 611, 716 A.2d 1238, 1241 (1998); 2 Pa.C.S. § 704. The Commonwealth Court determined that, under 55 Pa.Code § 151.43(d)(2), the placement of Ryan with his father for three and one-half months constituted a "temporary separation" which warranted merely a temporary suspension, not an outright discontinuance, of appellee's AFDC benefits. Thus, the Commonwealth Court determined that the DPW committed an error of law by discontinuing benefits entirely. The regulation at issue, 55 Pa.Code § 151.43, provides as follows:

> *(d) Temporary absence of the child or relative.* The temporary absence of either the child or the relative from his home will not affect the eligibility of the child for AFDC under the following circumstances:

. . . .

(2) The relative will exercise this responsibility [for the care and control of the child] when the reason for the temporary separation no longer exists. . . . During the period of separation, the staff must decide whether or not the child is still in need or whether his needs are being met. If he is in need, the grant will be computed as though the child were living in the home of the specified relative.

The Commonwealth Court reasoned that appellee would be responsible for the care and control of Ryan for eight and one-half months during 1996, which was actually a longer overall period of care and control than that which existed under the former custody agreement. Since appellee had received AFDC benefits under the former agreement, the Commonwealth Court concluded that the aforementioned regulation compelled the awarding of AFDC benefits to appellee under the new custody agreement. Consequently, the Commonwealth Court, while agreeing that appellee was ineligible to receive benefits during the three and one-half months in which Ryan resided with his father, remanded for a determination of the benefits which were owed to appellee for the eight and one-half months during which she would be exercising care and control.

■ By concluding that the language of 55 Pa.Code § 151.43 did not allow DPW to discontinue appellee's benefits, the Commonwealth Court misapplied the applicable regulation. Specifically, the Commonwealth Court overlooked the fact that the phrase "temporary absence" is defined in the Code as "an absence of less than 30 days." 55 Pa.Code § 147.22. Here, the revised custody order provided that Ryan would be out of appellee's custody and care for a period far exceeding 30 days. Accordingly, the DPW properly applied the general rule requiring the outright discontinuance of benefits if a recipient no longer meets eligibility conditions.[4] There

---

4. 55 Pa.Code § 133.1(a) provides that "if a recipient no longer meets eligibility conditions *for whatever reason,* he will cease to be eligible for assistance and assistance will be *discontinued*" (emphasis added).

simply exists no statutory or regulatory authority to justify a suspension of benefits, rather than a discontinuance of benefits in these circumstances. Consequently, the Commonwealth Court incorrectly concluded that the DPW's adjudication in this matter amounted to an error of law.

In addition to misapplying the precise regulation which was at issue in this appeal, the Commonwealth Court ignored the entire structure of the regulatory scheme as it pertains to AFDC benefits. In accordance with state regulations, eligibility for AFDC benefits is determined prospectively on a month-by-month basis.[5] A recipient family is ineligible if their net income, when prospectively determined, equals or exceeds a certain amount as prescribed by regulation. 55 Pa.Code § 183.101. Given that this regulatory scheme clearly requires eligibility for assistance to be determined prospectively on a month-by-month basis, the BCAO could not statutorily calculate appellee's income for a period that is four months in the future. Instead, the proper procedure under the regulatory scheme is for appellee to reapply for benefits at the time that she regains eligibility through the exercise of care and control of her child. At this point, if the BCAO prospectively determines that appellee's projected income for the month at issue falls below the threshold levels for assistance, then appellee will, once again, be entitled to benefits.

Given the relevant definitions in the Code as set forth above, we must conclude that the Commonwealth Court erred by determining that the DPW should have temporarily suspended, rather than discontinued, appellee's AFDC benefits.[6] Accordingly, we reverse and reinstate the Order of the DPW

---

5. Eligibility for assistance is determined prospectively by using the best estimate of income and circumstances of the recipient family *during the calendar month in which the assistance payment is made.* 55 Pa.Code § 183.12 (emphasis added). Income eligibility for cash assistance is prospectively determined for a calendar month based on anticipated income of individuals whose income shall be counted in determining eligibility. 55 Pa.Code § 183.101(a).

6. Because the validity of these regulations has not been contested by the parties and is therefore not at issue, we must assume that the regulations are valid and binding on this Court.

discontinuing appellee's AFDC benefits. Appellee may reapply for benefits if and when she becomes eligible in the future. Jurisdiction is relinquished.